# O'Brien *v.* Tatum.

*Action for Personal Injury.*

84 186
f129 417

1. *Personal injury; negligence; dangerous premises; elevators.*—Plaintiff being conducted through defendant's store by a clerk, when near an exposed elevator opening, misunderstood a warning from defendant's porter to the clerk, "Look out, the elevator is up;" and stepping aside to avoid the porter's truck, as he supposed he was directed, fell through the opening and was injured. The opening was protected, except upon one side, where there was a passage-way for the use of defendant's employes, which was seldom used by customers. *Held*, that whether the manner of constructing the opening, and leaving it exposed, constituted negligence *per se* was a question for the jury; and that an instruction that if, from the evidence the jury find defendant not negligent in leaving the opening exposed, or that, defendant being negligent, the plaintiff either knew of the existence of the elevator, or, being ignorant thereof, was seasonably warned of the danger, and did not use ordinary care, they must find for defendant, was proper.

2. *Personal injury; contributory negligence; burden of proof; charge.* A charge, asserting that, "If, under all the circumstances of the case, the position of the parties, the location of the hole, and the manner in which the parties acted, the jury are unable to say that the injury was caused by a want of ordinary care on the part of the defendant, without a want of ordinary care on the part of plaintiff directly contributing

[O'Brien v. Tatum.]

thereto, they must find for the defendant," is erroneous in that it misplaces the burden of proof, the burden of proving contributory negligence being on the defendant.

3. *Same; evidence.*—In an action for personal injuries caused by falling into an elevator opening in defendant's store, it is competent for defendant to prove that he had been ordered by the city authorities to close his cellar door on the sidewalk, as tending to show the necessity of an elevator in the store, and as bearing on the issue of negligence.

APPEAL from Montgomery Circuit Court.
Tried before Hon. JOHN P. HUBBARD.

RICE & WILEY, for appellants cited *Corby v. Hill*, 4 C. B. (N. S.) 556; 52 N. Y. 354; 10 Allen, 378; 99 Mass. 216; 116 Mass. 67; 18 Mass. 102; U. S. 230; Wood on Nuisances, 148; 94 Ill. 349; *Freer v. Cameron*, 4 Richardson's S. C. (Law), 231.

TROY, TOMPKINS & LONDON, *contra*, cited 69 Me, 173; L. R. 4 Ex. 257; 99 Mass. 216; 48 Vt. 127; 87 Penn. St. 365; 69 Ind. 33; 35 Ohio St. 627; 75 N. Y. 303; 76 N. Y. 329; Beach on Con. Neg. § 12, p. 40; 4 Rich. S. C. (Law), 228; 57 Ala. 595.

CLOPTON, J.—The action is brought by appellant to recover for injuries sustained from having fallen into an opening in the floor of defendant's store, which was used for operating an elevator. In the first two counts of the complaint the negligence of the defendant is charged to consist in having caused the opening to be made, and leaving it exposed and unprotected, so as not to guard and secure the public against injury; and the third count avers, in addition to this act of negligence, that the defendant knowing the existence of the opening, and that it was dangerous, failed to notify the plaintiff, who was ignorant of the same. The general rules of law governing the duty and liability of defendant, and the correlative duty of the plaintiff, are so well settled, that a general statement, without elaboration or citation of authorities, and an application of them to the tendencies of the evidence, will suffice for the purposes of this case. Being the owner and proprietor of a public store on one of the streets of the city of Montgomery, to which the public generally are invited to come and trade, or on other business, the law imposes upon the defendant the obligation to use proper care and diligence to keep the premises, and the pass-ways thereto and therein, reasonably safe for per-

[O'Brien v. Tatum.]

sons visiting the place by his invitation, express or implied. This duty extends to all the passage-ways in the store, which visitors on business may ordinarily have to use in its transaction, or may use, by the invitation or permission of defendfendant; and if there be any defect in such places, which renders them dangerous, known to the defendant, and unknown to such visitors, it is the duty of the defendant to give them warning or notice thereof, in order to enable them with ordinary care to avoid the danger. The principle is clearly and succinctly stated by Gray, J., as follows: "The owner or occupant of land is liable in damages to those coming to it, using due care, at his invitation, or inducement, express or implied, on any business to be transacted with, or permitted by him, for any injury occasioned by the unsafe condition of the land, or of the access to it, which is known to him and not to them, and which he has suffered negligently to exist, and has given them no notice of."—*Carleton v. Fran. I. & S- Co.*, 99 Mass. 216.

The elevator was on the south side of the store, about midway between the front and rear. The opening was about five feet square, three sides of which were protected from approach by boxes and barrels, but the side next to the southern wall was unprotected. At the south-east corner there were ropes extending about eighteen inches beyond the opening, with which, persons passing in the direction plaintiff was going, would come in contact if walking too near the opening. The pass-way was between the opening and the south wall, and was principally intended for the use of the employes of the defendant, but was sometimes used by customers, but not often, as the business was mainly carried on in the front part of the store. The elevator was constructed and used for the purpose of transporting goods to and from the basement, and the upper and first floors of the store. The opening was covered and protected by the platform of the elevator, when not in use. Under the circumstances, the law does not declare the manner of construction, and the leaving of one side exposed, to be negligence *per se*. It was a question for the decision of the jury, and was properly submitted to them by the court.

But, if it should be found that the defendant negligently suffered one side of the opening to be, and remain unprotected, such negligence did not relieve the plaintiff from the use of ordinary care in going from the front to the rear of the store; and if his injury proximately resulted from his

[O'Brien v. Tatum.]

failure to do so, the defendant is not liable for damages therefor. There is evidence tending to show, that plaintiff knew that the elevator was used in the store, and that he was fully acquainted with elevators and their purposes, and used one in his own business. If, with such knowledge, he attempted to pass by the opening without sufficient light to discover the danger, the presumption of contributory negligence arises, which it is incumbent on him to rebut, by showing that he used ordinary care. And, though the plaintiff may have been ignorant of either the elevator or opening, if he was notified of danger in time to avoid injury by the use of ordinary care, the defendant is not guilty of any neglect of duty to the plaintiff for which he is liable in damages.

The evidence tends to show that the clerk of defendant, who was going with plaintiff to the rear of the store, directed the plaintiff to follow him. When the clerk had passed the south-east corner of the opening, and before plaintiff, who was immediately behind him, had reached it, the porter of defendant, who was loading a truck with meat near to, and on the south-west of the opening, called to the clerk, "Look out, Mr. Haywood, the elevator is up," or words to that effect; whereupon, the clerk stopped, and spoke some words to the porter, but the plaintiff stepped to the right and fell in the opening. The plaintiff testifies, that he heard the porter say "look out," but thought it a warning to get out of the way of the truck, which was headed towards the front of the store. The plaintiff did not act from a sudden impulse of fear, but from a misunderstanding of the warning. An ordinarily prudent man would have stopped, in order to ascertain the cause when the clerk stopped, who was in advance, and whom he had been directed to follow. The notice was sufficient to caution him of the proximity of danger, and upon it he should have acted according to its fair and reasonable import. If, from the evidence, the jury should find that the defendant was not negligent in leaving one side of the opening exposed, or, if negligent, in this regard, that the plaintiff had knowledge of the existence of the elevator; or if ignorant of its existence, that he was notified of the danger in time to avoid the injury, and did not use ordinary care, in either event, he is not entitled to recover. The charges of the court based respectively on these hypotheses are free from error. The charges requested by the plaintiff are not in accord with these views, ignore the defense of contributory negligence, were calculated to mislead, and were properly refused.

[Collier & Pinckard v. McCall.]

We discover no error in the rulings of the court on the admissibility of evidence. It was competent for the defendant to prove that he had been ordered by the city authorities to close his cellar door on the sidewalk, as tending to show the necessity of an elevator in the store, and as bearing on the issue of negligence *vel non*. The other evidence objected to was elicited on cross-examination, and was relevant to the question of the actual damages, which the plaintiff testified he had suffered from the injury.

But the court instructed the jury: "If, under all the circumstances of the case, the position of the parties, the location of the hole, and the manner in which the parties acted, the jury are unable to say that the injury was caused by a want of ordinary care on the part of the defendant, without a want of ordinary care on the part of the plaintiff, directly contributing thereto, they must find for the defendant." By the settled rule in this State, the burden of proving contributing negligence is on the defendant. The effect of the charge is, to instruct the jury, that the *onus* is on the plaintiff to prove that the injury was caused without a want of ordinary care on his part, and thus misplaces the burden of proof. For this error, the judgment must be reversed.

Reversed and remanded,