# Thomason *et al. v.* Silvey & Co.

## *Action of Detinue.*

1. *Motion for new trial; what evidence admissible*—Upon the hearing of a motion for a new trial, the court is confined to the evidence which had been introduced upon the trial of the cause.

2. *Detinue; exclusive title in plaintiff necessary to his recovery.* Where the plaintiffs in an action of detinue rely for recovery of the possession of the property sued for on their title, and fail to show an exclusive title in themselves to the property in question, they can not maintain the action.

APPEAL from the Circuit Court of Cleburne.

Tried before the Hon. GEORGE E. BREWER.

The appellees brought an action of detinue against the appellants to recover certain machinery.

Upon the introduction of all the evidence, the court at the request of the defendants gave the general affirmative charge in their behalf. There were verdict and judgment for the defendants. Thereupon the plaintiff made a motion for a new trial. The grounds of this motion and the evidence in the case are sufficiently stated in the opinion. The court granted said motion and the defendants duly excepted. The defendants appeal, and assign as error the judgment of the court granting a new trial upon the motion of the defendants.

[Thomason *et al* v. Silvey & Co.]

W. C. TUNSTALL, JR., for appellant.—To maintain detinue the plaintiff must have the sole and exclusive title in the property sued for.—*Vinson v. Ardis,* 81 Ala. 271; *Sloan v. Wilson,* 117 Ala. 583; *Pearson v. Boyd,* 20 Ala. 112; *Price v. Talley,* 18 Ala. 21; *Miller v. Yeatman,* 11 Ala. 609.

In hearing motion for new trial the court was confined to evidence used on the trial of the cause.—15 Amer. & Eng. Encyc. of Law, 905; 14 Amer. & Eng. Encyc. Pl. & Prac. 117, 875; *Street v. Street,* 113 Ala. 333.

JAMES AIKEN, *contra.*—One partner can mortgage the entire partnership property to secure his own debt, if the other partners and partnership creditors do not complain.—*Ellis v. Allen,* 80 Ala. 515.

DOWDELL, J.—This is an appeal from the judgment of the circuit court granting a motion for a new trial. The grounds of the motion were, (1) that the verdict was contrary to the law, (2) the verdict was contrary to the evidence, and (3) the court erred in giving the affirmative charge for the defendants. Upon the hearing of this motion, the court was confined to the evidence which had been introduced upon the trial, and in the admission of testimony which had not been so introduced against the objection of the defendants in the motion the court was in error. But it is insisted by the appellee here that upon the evidence which was given upon the original trial of the cause the court erred in giving the affirmative charge requested by the defendants, and for that reason committed no error in sustaining plaintiffs' motion for a new trial. The plaintiff's action was in detinue and the title relied on for recovery was based upon a mortgage executed to plaintiffs by one Jesse Ellis. The only evidence introduced upon the trial was by the plaintiffs, the defendants offering no testimony. This evidence shows that the property sued for belonged to the partnership composed of Jesse Ellis and W. R. Strong. There was no evidence of any dissolution of the partnership, or that the title had ever passed out of said partnership into the said Jesse Ellis, the

mortgagor. Indeed, the plaintiff's evidence shows that the possession of the property in question was delivered by Ellis and Strong to B. F. Ellis, one of the defendants in the action. Under this state of the facts, the plaintiffs failing to show an exclusive title to the property in question, could not maintain an action of detinue for its recovery.—*Miller v. Yeatman,* 11 Ala. 609; *Price v. Talley,* 18 Ala. 21; *Parson v. Boyd,* 20 Ala. 112; *Vinson v. Ardis,* 81 Ala. 271; *Sloan v. Wilson,* 117 Ala. 583.

The court properly gave the affirmative charge in favor of the defendants as requested, and erred in setting aside the verdict and granting a new trial on the grounds set down in the motion and for this error the judgment of the court granting a new trial must be reversed and the motion for new trial overruled.

Reversed and remanded.