(118 So. 393)

SOUTHERN WOOD PRESERVING CO. v. McCAMEY. (8 Div. 995.)

Supreme Court of Alabama. Oct. 18, 1928.

D. P. Wimberly, of Scottsboro, for appellant.

Proctor & Snodgrass, of Scottsboro, for appellee.

dictions under certain circumstances, influenced by varying rules and statutes. 4 Corpus Juris, 314 et seq. Such a practice, however, is considered out of harmony with our statutory system, and the authorities of this state are conclusive adversely to appellant's motion. Illinois Cent. R. R. Co. v. Posey, 212 Ala. 10, 101 So. 644; Pan-American Life Ins. Co. v. Carter, 202 Ala. 237, 80 So. 75; Briggs v. Tenn. Coal, Iron & R. R. Co., 175 Ala. 130, 57 So. 882; Tapia v. Williams, 172 Ala. 18, 54 So. 613. The motion must be denied. There is no objection by counsel for appellee to that portion of the motion seeking certiorari to correct the bill of exceptions in one particular, not necessary here to detail, and which in corrected form is here filed and will be so considered as a part thereof.

■ It is strenuously insisted the judgment is excessive. Questions of this character are properly presented first to the trial court on motion for a new trial. In considering such a question, this court is in the exercise of appellate jurisdiction only, and can only review the ruling of the trial court thereon, here appropriately presented. As the bill of exceptions fails to disclose any exception to the action of the court in overruling the motion for a new trial, questions presented thereby (including that of excessiveness of the verdict) are not before the court for determination. Central of Georgia Ry. Co. v. Chambers, 197 Ala. 93, 72 So. 351; Akin v. Chancy Bros. Hdw. Co., supra.

Assignments of error 4. to 19, inclusive, relate solely to various grounds of the motion for a new trial. Following the uniform decisions of this court, we are constrained to hold these assignments of error present nothing here for consideration.

■■ The remaining assignments of error (1, 2, and 3) present the only other matters argued in brief of counsel for appellant. This litigation arose from an agreement by defendant to purchase from plaintiff cross-ties of certain character and at a stipulated price, and count 4 of the complaint seeks recovery for a breach of this contract. Plaintiff insists defendant refused to receive and accept a great number of the ties which were in good condition, and that he was subsequently forced to dispose of the same at a sum considerably less than the agreed price. Defendant appears to have interposed a very general objection to this evidence. The evidence was admissible as an element of plaintiff's damages. Gwin v. Hopkinsville, etc., Co., 190 Ala. 346, 67 So. 382. The argument appears to be that the contracts of sale were in writing, and that parol evidence was therefore inadmissible to alter or vary the same. But it does not appear the evidence would have such effect, and in any event, without conceding any merit in this point, there was no such objection interposed. Moreover, the written contract was subse-

GARDNER, J. Appellee sued appellant on account, for money had and received, and added by amendment a count for breach of contract, recovering a judgment on September 8, 1927, for $3,014.14, from which defendant prosecutes this appeal. On September 26, 1927, defendant filed a motion for new trial, upon numerous grounds, which was duly continued to November 9th thereafter, when judgment was entered overruling the same. A bill of exceptions was duly presented to the presiding judge on December 7, 1927, and approved by him on the 19th of December following. The transcript on appeal was filed in this court January 18, 1928, the cause continued, and here submitted on motion and merits on May 24, 1928.

■ The bill of exceptions as presented to the presiding judge and as duly signed by him contained no reference to any ruling of the court on the motion for a new trial or any exception thereto. This is fatal to a consideration here of the action of the court on such motion under the uniform decisions of this court, though the exception may appear in the record proper in the judgment entry. Akin v. Chancy Bros. Hdw. Co., 207 Ala. 523, 93 So. 408; Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548; Central of Ga. Ry. Co. v. Wilson, 215 Ala. 612, 111 So. 901.

■ Recognizing this well-established rule, counsel for appellant present here a motion for a withdrawal of the record that the same may be "remitted to the lower court for amendment of the bill of exceptions so as to incorporate an exception in said bill of exceptions to the ruling of the court on the motion for a new trial." The time for the presentation of the bill of exceptions has long since expired. Section 6433, Code of 1923. The bill was duly presented and signed. The effort here is at this time to amend or change the bill of exceptions as thus completed so as to incorporate therein matter that was not in the bill when presented and signed. Doubtless this is permissible in some juris-

quently offered in evidence without objection, and in no event could injury have resulted to defendant. Alabama Power Co. v. Fergusen, 205 Ala. 204, 87 So. 796. This assignment of error (No. 1) is therefore without merit. Nor is reversible error presented in the second assignment.

The statement attributed to Roundtree, inspector for defendant, was in substance that defendant was in need of ties; that it was "50,000 ties short." No part of the statement was relied upon as a basis of a contract. Clearly, the above-quoted portion thereof was entirely relevant as the statement of a fact by this agent, and it constitutes a part of the sentence of the witness that Roundtree wanted plaintiff "to get out and buy ties for them," and the general objection thereto made no separation of the two statements. In addition, it appears the witness had just previously been permitted to testify to substantially the same matter without objection. As observed, the objection was general, and there had been no proof as to the extent of Roundtree's authority. The evidence was not manifestly illegal and irrelevant and error could not be rested upon the ruling on such general objection. Adams Hdw. Co. v. Wimbish, 201 Ala. 547, 78 So. 901.

One Ferguson was also one of defendant's inspectors, and clearly his statements in reference to the ties being in good condition was entirely relevant and proper. The third assignment is likewise without merit.

We have here considered the assignments of error presented for determination on this appeal, and find no reversible error.

The judgment will be affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN, and FOSTER, JJ., concur.