(127 So. 534)

**F. W. WOOLWORTH CO., Inc., v. ERICKSON.**

6 Div. 362.

Supreme Court of Alabama.

March 27, 1930.

T. A. McFarland, W. Douglas Arant, Kingman C. Shelburne, and Bradley, Baldwin, All & White, all of Birmingham, for appellant.

Altman & Koenig, of Birmingham, for appellee.

GARDNER, J.

Appellee sued appellant and one Sprague in a tort action for damages sustained by the plaintiff when her foot slipped and she fell to the floor in the store of appellant in

**8**

the city of Birmingham. There was a verdict and judgment against the Woolworth Company only, from which it prosecutes this appeal.

As to the pleading, plaintiff rested her case upon count A, to which demurrer was interposed and overruled.

Defendant insists this count does not sufficiently disclose the relationship existing between defendant and plaintiff out of which a duty to her arose. The argument has been duly considered, but it rests upon a construction of the word "maintained" as found in the complaint with which we are not in accord. Among other definitions of the word are "to carry on, to keep possession of," and the word "keep" is defined as "to conduct, or carry on, to maintain as an established institution or the like; to manage." The word "operate" has, among other definitions, "to manage; to conduct." See Funk-Wagnalls New Standard Dictionary, pp. 1495, 1344, 1728.

It is a well-recognized rule that common or popular words are to be construed in their popular sense, unless it plainly appears they were used in a different sense. Mobile Dry-Docks Co. v. City of Mobile, 146 Ala. 198, 40 So. 205, 3 L. R. A. (N. S.) 822, 9 Ann. Cas. 1229; Alabama Great So. Rwy. Co. v. Gilbert, 6 Ala. App. 372, 60 So. 542. We therefore entertain the view that the common or popular meaning of the averments of count A is that the defendants kept, conducted, or operated a store. So construed, it shows plaintiff as a customer out of which relationship arose the duty of defendants "to use proper care and diligence to keep the premises, and the passage ways thereto and therein, reasonable safe," for her use. O'Brien v. Tatum, 84 Ala. 186, 4 So. 158.

Though the averment as to a breach of this duty is in general language and may be little short of a mere conclusion, yet it sufficiently meets the requirements of our decisions. Shelby Iron Co. v. Morrow, 209 Ala. 116, 95 So. 370; Mobile Light & R. R. Co. v. Therrell, 205 Ala. 553, 88 So. 677.

Nor do we construe the averments of the complaint as requiring of defendants a higher degree of duty than outlined in the quoted extract from O'Brien v. Tatum, supra. There was no error in overruling the demurrer to count A.

Appellant insists it was entitled to the affirmative charge.

One theory for this insistence rests upon a failure of proof or a fatal variance. The proof showed that the store was that of appellant, and defendant Sprague was in its employ as manager. Counsel for appellant insist that the complaint shows a joint operation of, or a joint proprietorship in, the store, and therefore a joint duty and liability, and that as the proof discloses an operation of the store by defendant Woolworth Company only, there could be no liability against either defendant. Conceding (without deciding) the correctness of this construction of the complaint, the result insisted upon does not follow.

"It is a well-settled rule of law that in actions of tort against two or more defendants jointly, where the proof fails as to any one, a verdict may be rendered against the other or others as to whom the proof is sufficient without thereby in law constituting a variance." Southern Rwy. Co. v. Arnold, 162 Ala. 570, 50 So. 293, 295. "In actions ex delicto a joint liability need not be proved, and consequently a misjoinder of defendants will not defeat a recovery against any or either proved guilty." Lovelace v. Miller, 150 Ala. 422, 43 So. 734, 735, 11 L. R. A. (N. S.) 670, 14 Ann. Cas. 1139. Section 5720, Code 1923, authorizes a recovery against one or more defendants jointly sued. Rich v. Brewer, 205 Ala. 343, 87 So. 323.

As to suits on joint contract a different rule prevails (Haines v. Cunha, 217 Ala. 73, 114 So. 679), and in actions of tort there is an exception to the general rule where the action is for a negligent performance of, or a negligent failure to perform, a duty arising out of a contract. In such case the averment of the contract from which the alleged duty springs is made a material allegation which must be proven, as charged, or else a fatal variance results. Hackney v. Perry, 152 Ala. 626, 44 So. 1029; Coal City Mining Corporation v. Davis, 17 Ala. App. 22, 81 So. 358.

But the instant case comes within the general rule and not the exception thereto. The affirmative charge requested upon a contrary theory was properly refused, as well also several special charges resting upon a like theory, and as to which we deem separate treatment unnecessary.

Nor are we persuaded the affirmative charge was due defendant upon the merits of the case. We concede the correctness of appellant's insistence that the mere fact plaintiff was injured while in the store raises no presumption of negligence, and it may also be conceded that the material used for oiling the floor, that is, the oil and feldspar, were proper and in general use. The authorities cited support the theory of nonliability when no more appears from the proof. Abbott v. Richmond County Country Club, 211 App. Div. 231, 207 N. Y. S. 183; Spickeragle v. C. S. Woolworth Co., 236 Pa. 496, 84 A. 909, Ann. Cas. 1914A, 132; Diver v. Singer Co., 205 Pa. 170, 54 A. 718; De Velin v. Swanson (R. I.) 72 A. 388; Huey v. Gahlenbeck, 121 Pa. 238, 15 A. 520, 6 Am. St. Rep. 790; Garland v. Furst Store, 93 N. J. Law,

127, 107 A. 38, 5 A. L. R. 275. But of course upon the question of negligence, the result depends upon the facts of each particular case, and these authorities are readily distinguishable in this respect from the instant case.

Plaintiff's proof tended to show that as she approached, walking in the usual and normal manner, the end of counter No. 2, where was displayed the merchandise she wished to purchase, her foot slipped and she fell face downwards. After getting off the floor, her face, hands, and knees were dirty with a dark colored substance as grease mixed with dirt, or as another witness describes it, as oil and dust combined; the floor showed marks where she had slipped, "skid mark." Plaintiff's witnesses further testified that this oil and dust mixture was heaviest next to the counter, dark colored there and lighter colored as you approached the center of the floor.

It was the custom to oil the floors the last Saturday night in each month, and the accident occurred Tuesday following the last Saturday of May. The condition of this place, "greasy and oily" and dark colored, on the date of the accident, was shown to have existed for some months previously, and on Saturday preceding the accident another customer appears to have slipped at or about this same locality, though without resulting in a fall. But a detailed review of the evidence is not intended. Suffice it to say the evidence tends to show that as to those places near the counter where plaintiff was, the floor cleaning had been neglected to such extent as to permit some accumulation of a mixture of oil and dust, and that this condition had continued for some considerable period of time, and that therefore it was a jury question whether or not the place was reasonably safe for customers of the store.

Upon consideration of the motion for a new trial it is urged that the acquittal of defendant Sprague entitles appellant to a new trial upon the theory the verdict was inconsistent, citing Walker v. St. Louis-S. F. Rwy. Co., 214 Ala. 492, 108 So. 388.

The proof shows that the oiling and cleaning of the floor was done by a porter and that it was the duty of the floorwalker to see that this work was properly done. It is manifest therefore that liability may be rested upon appellant on account of the negligence of employees' other than Sprague, the manager, and that this contention is without merit.

Appellant further insists a new trial should have been awarded on account of illegal and prejudicial argument to the jury on the part of plaintiff's counsel, citing Davis v. Quattlebaum, 210 Ala. 242, 97 So. 701; Birmingham, R., L. & P. Co. v. Drennen, 175 Ala. 338, 57 So. 876, Ann. Cas. 1914C,

1037; Metropolitan Life Ins. Co. v. Carter, 212 Ala. 212, 102 So. 130, 132.

Objection was interposed to the argument and sustained by the court, and the question presented is whether or not the argument was of such a highly prejudicial character as that its probable effect on the jury was ineradicable by exclusion and rebuke of counsel. That part of the argument as to the dusty condition of the street was clearly not of such character as above outlined, and may be laid out of view. The other portion of counsel's statement was not only illegal, and so recognized by counsel at the time as the language used indicates, but was of a prejudicial character, in that it injects into the case a note of personal appeal and personal interest unjustified by the proof and foreign to the issue of fact for decision by the jury. One of the highest functions of our courts, organized as they are for the fair and impartial administration of justice, is "to prevent, as far as possible, all improper, extraneous influences from finding their way into the jury box." Metropolitan Life Ins. Co. v. Carter, supra.

The question here presented is one of much delicacy, and its proper solution is not free from difficulty. Upon due consideration, however, we are not fully persuaded the probable prejudicial effect was ineradicable and that the motion for a new trial should be rested thereon.

Upon consideration, however, of the ground of the motion of excessiveness of the verdict, this illegal argument necessarily is to be accorded some place in its consideration in connection with all the facts and circumstances here appearing. The verdict was for $5,500. Dr. Wilson, who first treated plaintiff, testified that she had a fracture of the lower end of the radius, that is, the big bone of the wrist. He describes it as a "small lineal fracture with no displacement of the bone, * * * a slight fracture, that is part a crack." He further states: "The wrist was the chief complaint. The others were trivial, if there were anything." We do not overlook the evidence tending to show a slight impairment of the functions of the fingers, and deformity of the wrist and plaintiff's suffering. The damages to be awarded are compensatory, however, and we are of the opinion that the sum awarded was excessive. Woodward Iron Co. v. Burges, 219 Ala. 136, 121 So. 399; Alabama By-Products Co. v. Cosby, 217 Ala. 144, 115 So. 31.

As the failure of the court to grant the new trial on account of the excessiveness of the verdict is the only reversible error disclosed by the record, this court, under the authority of section 6150, Code 1923, hereby reduces the verdict to the sum of $3,000, and if plaintiff remits all amounts in excess of said sum by filing a remittitur with

the clerk of this court within thirty days, the judgment of the circuit court will be affirmed; otherwise the judgment will be reversed and the cause remanded.

Affirmed conditionally.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.