(130 So. 401)

## ASHLEY v. McMURRAY.

8 Div. 217.

Supreme Court of Alabama.
Oct. 9, 1930.

Rehearing Denied Nov. 6, 1930.

Jas. C. Roberts, of Florence, for appellant.

Bradshaw & Barnett, of Florence, for appellee.

34

**FOSTER, J.**

This is an action for damages claimed to be the result of the negligence and wantonness of appellant's son in operating a car of the former in causing a collision of it with one owned and operated by plaintiff. Defendant was riding in the car at the time. Defendant's plea 2 set up contributory negligence of plaintiff. Plea 3 set up the same facts in recoupment. To plea 3 plaintiff replied specially again alleging defendant's negligence. The verdict was for plaintiff awarding damages to her.

Whether in such an action defendant may properly claim damages in a plea of recoupment, not thereby admitting his own wrong, as charged in the complaint, was left an open question in the case of Alabama Power Co. v. Kendrick, 219 Ala. 692, 123 So. 215. But in that case, as in this, there was a plea of contributory negligence which involved the same issue as that alleged in the plea of recoupment, and the verdict was for plaintiff. The verdict necessarily determined that issue in favor of plaintiff, and therefore appellant could not be prejudiced by the ruling of the court on the sufficiency of the replication to the plea of recoupment. The state of this record does not require us to determine the question left unsettled, and as to which there was a difference of opinion in this court.

Questions were propounded to witnesses by plaintiff, over general objections, calling for evidence that there was a smell of whisky, and that defendant appeared to be drunk, and whisky was seen out there. The court properly overruled the objections. There was no specific ground of objection assigned. If any of such questions were improper for any reason, the attention of the court was not directed specially to such reason. Many of the other questions propounded to witnesses referred to in the assignments of error were not answered in a manner prejudicial to appellant.

We do not find in the bill of exceptions any reversible error, though all the assignments do not appear to require special treatment, but have received our careful attention.

There is no exception to the ruling on the motion for new trial shown in the bill of exceptions (nor elsewhere as to that), and therefore we cannot review such ruling. Southern Wood Preserving Co. v. McCamey, 218 Ala. 201, 118 So. 393, and authorities there cited.

In view of the fact that there appears no reversible error in the bill of exceptions, it is not necessary to consider the conflict in the evidence, and its sufficiency to support the motion to strike it because not signed by the presiding judge in due time, though it appears on its face to be sufficient in that respect.

Charge 2, given at the instance of plaintiff was not an incorrect statement of the law. Watts v. Montgomery Traction Co., 175 Ala. 102, 57 So. 471.

Charge No. 1, refused appellant, predicated wantonness alone upon conduct occurring after discovery of plaintiff's position, whereas it may have resulted from a reckless and dangerous rate of speed under conditions known to defendant to be such.

Wantonness may be predicated upon conduct occurring before a discovery of the peril of another as well as afterwards. Southern Ry. Co. v. Benefield, 172 Ala. 588, 55 So. 252, 35 L. R. A. (N. S.) 420; Birmingham R. L. & P. Co. v. Landrum, 153 Ala. 194, 45 So. 198, 199, 127 Am. St. Rep. 25.

Charge No. 2, refused appellant, is bad because the word "defendant" is used inappropriately, and because it does not take into account the wanton count. As to it, contributory negligence is not a good defense.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.