171 So. 913

**McENTYRE et al. v. FIRST NAT. BANK OF HEADLAND.**

**4 Div. 276.**

Court of Appeals of Alabama.
Jan. 12, 1937.

Martin & Jackson, of Dothan, for appellee.

W. Perry Calhoun, of Dothan, for appellants.

SAMFORD, Judge.

The action was in statutory form, with statutory bonds claiming one two-horse Mitchell wagon and harness and one bay mare mule, or red colored mare. mule, named Ella (Maud). The plea was non detinet, which admitted the possession.

On the trial, and after hearing the evidence and the charge of the court, the.

jury returned a verdict in favor of the defendants. Whereupon, the plaintiff made a motion for a new trial on the grounds (1) that the verdict was contrary to law, and (2) that the verdict was contrary to the great weight of the evidence.

In order to authorize a recovery in an action of detinue, the plaintiff must show, by the evidence, that at the commencement of the action he had a general or special property in the chattels sued for with the right of immediate possession. 18 Corpus Juris, 993, note 59, where are collated the Alabama authorities on this subject.

The only evidence of title and right of possession in the plaintiff in this case, as shown by the bill of exceptions, is the following quotation from the bill of exceptions, as signed by the judge, to wit: "The plaintiff offered in evidence promissory note executed by E. D. McEntyre to the First National Bank of Headland on January 27, 1932, describing with other property one two-horse wagon and harness, containing general property clause; also, promissory note executed by E. D. McEntyre to First National Bank of Headland on March 14, 1931, describing one bay mare mule named Rhody, one bay mare mule named Maud; also mortgage from E. D. McEntyre to First National Bank of Headland, dated January 20, 1933, describing one mare mule named Pet, one mare mule named Annie, one mare mule named Rhody, and one mare mule named Maud."

While there is no insistence made on this point by appellants' counsel, we here observe that this evidence is not sufficient proof of title or of the right of immediate possession. The word "mortgage" used to describe a paper given by E. D. McEntyre to the First National Bank of Headland, dated January 20, 1933, and describing the mules sued for, is not definite enough to carry proof of legal title or of right of immediate possession, necessary to maintain the action.

There appears in the transcript, following the general charge of the court, copies of three mortgages signed by E. D. McEntyre, but these mortgages are not included in the bill of exceptions in such way and manner as to authorize their consideration here.

Passing to a consideration of the evidence before the court and jury, and assuming that the three mortgages mentioned above were actually before the jury, we observe that the testimony is in sharp conflict; that for the plaintiff tended to prove that the mule and wagon were the property of E. D. McEntyre, against whom the plaintiff had a claim; and that for the defendant was just as positive, or more so, that the property was that of Luther McEntyre, against whom the plaintiff had no claim, in which event the verdict of the jury was proper.

As was said in the case of Cobb v. Malone and Collins, 92 Ala. 630–633, 9 So. 738, 739: "The power to set aside verdicts has been generally regarded in this country as inherent in courts organized upon the principles of common law, though in some states it is regulated by statute, enumerating the grounds upon which a motion for a new trial may be made. The power is essential to prevent irreparable injustice in cases where a verdict wholly wrong is the result of inadvertence, forgetfulness, or intentional or capricious disregard of the testimony, or of bias or prejudice, on the part of juries, which sometimes occur. But, in exercising the power, the court should be careful not to infringe the right of trial by jury, and should bear in mind that it is their exclusive province to determine the credibility of witnesses, to weigh the testimony, and find the facts. Being selected for their impartiality and qualifications to judge facts, and unanimity of opinion and conclusion being required, their verdicts are presumed to be correct. It has been said that no ground of new trial is more carefully scrutinized or more rigidly limited than that the verdict is against the evidence. Hil. New Trials, 339." The above is as clear a statement of the law relative to the instant case as can be found in the books, and it is observed by all of the writers on this subject that the power of the court to set aside verdicts of juries should be exercised only when it affirmatively appears that the substantial ends of justice require the examination of the facts by another jury.

It is also the law, recognized by all appellate courts, that when the presiding judge *refuses* to grant a new trial, the presumption in favor of the correctness of the verdict is thereby strengthened; but when the trial judge sets aside the verdict, upon motion on the ground that it is contrary to the evidence, it places the judgment of one man, who is not charged with the duty of fact finding, against the judgment of twelve men, equally honest,

314

equally obligated, whose duty it is to find the facts as to a particular transaction; and when the trial judge does exercise the power to set aside the verdict of a jury, it must appear, from the evidence, that the verdict was not only against the weight of the evidence, but so much so as, at first blush, to shock our sense of justice and right. Brennan v. Brown, 5 Eng. 138; Yarborough v. Abernathy, Meigs (Tenn.) 413. To the same conclusion are the decisions in Hall v. Page, 4 Ga. 428, 48 Am.Dec. 235; Peck v. Thompson, 23 Miss. 367; Hicks v. Stone, 13 Minn. 434 (Gil. 398).

In the opinion in Cobb v. Malone and Collins, supra, we quote, with approval, the following: "When there is evidence on both sides, or some evidence to support the verdict, it should not be set aside, because it may not correspond with the opinion of the court, as to the weight of the testimony, or because it is against the mere preponderance of the evidence."

The right of trial by jury, and its findings of facts from the evidence adduced, cannot be too carefully guarded, and, while great respect must be accorded to the action of the trial judge, nonetheless his ruling on the findings of fact must give way to the findings of the jury, except in such cases where the verdict of the jury is so contrary to the evidence as to be unjust and unfair.

We find no such status here. The evidence was in conflict; the jury had the witnesses before them, they heard them testify, they saw their manner on the stand, they had the benefit of the atmosphere of the trial, and their verdict was responsive to the charge of the court.

The verdict was, "We, the jury, find for the defendants," and the appellee here insists that such a verdict was error in that the jury failed to assess the value of the property sued for as is required by section 7392 of the Code of 1923. The property was in the possession of the defendants under a statutory replevin bond at the time of the trial, and therefore a failure on the part of the jury to assess the value of the property sued for was, if error, not prejudicial to the plaintiff's cause. Black Mercantile Company v. Ayres, 24 Ala.App. 488, 136 So. 866, and authorities there cited.

It is insisted in brief of counsel for appellee that there should have been an assessment of the amount of the mortgage debt, as is provided under section 7400 of the Code of 1923. A sufficient answer to this is that it nowhere appears in the record that the defendants made any such suggestion as is required by said section; on the contrary, they stood upon the proposition that the property sued for was not subject to the claim of the plaintiff.

The trial was without error, and the trial judge should not have granted the motion for a new trial. The judgment is reversed, and a judgment will here be rendered in favor of the defendants.

Reversed and rendered.