13 So.2d 873
**ALABAMA GAS CO. v. JONES.**

**6 Div. 120.**

Supreme Court of Alabama.

June 5, 1943.

London & Yancey, Geo. W. Yancey, and Fred G. Koenig, Sr., all of Birmingham, for appellant.

Reuben H. Wright, of Tuscaloosa, for appellee.

THOMAS, Justice.

The submission was had on the motion and on the merits. The statutes affecting the time in which a bill of exceptions may be perfected and as extended by a motion for a new trial duly made, the attention of the court being called thereto, have been recently considered in In re Pate v. State (Ex parte State of Alabama ex rel. Attorney General), ante, p. 396, 14 So.2d 251; Code 1940, T. 7, § 822, T. 13, § 119, Acts 1939, p. 167.

The two statutes in question are Code 1940, T. 7, § 214, and T. 7, § 764. It is to be noted that the statute last cited comes from the Act of 1915, p. 722, without change, and that many decisions are to be found in our reports touching the same. It is further necessary to observe that § 214 is a codification of the Act of 1915, p. 598, with material change, namely, the original statute begins that "All motions which are made in writing in any circuit court or any court of like jurisdiction in any cause or procedure". at law shall become a part of the record upon an appeal. As codified said section reads: "All motions, *including motions of a new trial,* which are made in writing in any circuit court or any court of like jurisdiction in any cause or proceeding at law, shall, upon an appeal become a part of the record; and the ruling of the court thereon shall also be made a part of the record, and it shall not be necessary for an exception to be reserved to any ruling of the court upon any such motion; and it shall constitute a part of the record proper on appeal." [Italics supplied.]

It is unnecessary to review the many decisions cited in brief of counsel preceding the change in the statute hereinabove set out. In Delbridge v. State, 242 Ala. 677, 8 So.2d 160, the two statutes were considered to the effect that where the motion for a new trial was based on affidavits of newly discovered evidence, the ruling thereon could not be considered by the reviewing court in the absence of a bill of exceptions; that where the motion for new trial is based merely on the status of the record proper, it is unnecessary to reserve an exception to the court's ruling on the motion, and the bill of exceptions is not required to present the ruling for review; but if the motion is rested on matters extraneous to the record, the court's decision should be included in the bill of exceptions and the exception duly reserved. Thus the two statutes were construed as a part of a system which has application to the record and bill of exceptions before us, and to which ruling we adhere.

**416**

The decisions in Harris v. Barber, 237 Ala. 138, 186 So. 160, and authorities cited, and in Stokes v. Hinton, 197 Ala. 230, 72 So. 503, and in Batson v. State, 216 Ala. 275, 278, 113 So. 300, adverted to by counsel in argument, were under the original statute before amendment in the Code of 1940, T. 7, § 214, supra.

■ The judgment of the court on the motion further recites that on said date (December 11, 1942), the parties being present, the court heard the motion and after argument took the "same under advisement." In this connection the bill of exceptions recites that the motion was filed and presented on November 17, 1942, and passed to the 11th day of December, 1942, on which latter date it was heard. It is insisted that such recital in the bill of exceptions is not affected by the mere detailed statement of the facts in the judgment or the record proper. If it be said to be a conflict between the record proper and the bill of exceptions, the latter would prevail, in that the motion was heard on extraneous evidence. It is the rule that if there is such conflict between the bill of exceptions and the judgment entry, matters which should, and appearing in the bill of exceptions, control. Birmingham Water Works v. Justice, 204 Ala. 547, 86 So. 389. This slight discrepancy in dates is, however, immaterial on the several facts more fully set out infra in the several recitals in the judgment and in the bill of exceptions. After all that may be said, on December 11, 1942, the date the motion coming on to be heard, the parties being present in person and by their attorneys in open court, the motion was heard and the court "took the same under advisement."

On "December 18, 1942," *the judgment entry recites,* "The court having taken this motion under advisement on December 11, 1942, and now after considering said motion as last amended, the evidence in support thereof, and the arguments of counsel, the court is of the opinion that the same is not well taken and should be overruled. It is, therefore, considered by the court and it is the order and judgment of the court that the defendant's motion to set aside the verdict of the jury and the judgment of the court rendered thereon and to grant this defendant a new trial in this cause be and it is hereby overruled. The defendant then and there in open court duly and legally excepted to the action of the court in overruling said motion."

The bill of exceptions contains the further recitation: "Thereafter on, towit, the *17th day* of *November,* 1942, the defendant presented to the court a motion for a new trial, which motion appears as a part of the record in this cause on appeal and made a part hereof as fully as if set out herein, and which said motion was by the court duly marked presented and filed, and passed for hearing to the *11th* day of *December* 1942 on which date the said motion for a new trial filed in behalf of the defendant was heard by the court, and on the hearing of said motion the defendant introduced, in support thereof, all the testimony introduced on the trial of the case, and the following additional testimony, towit: * * *."

Then followed pages of proceedings on the motion, testimony of the witnesses who had testified on the trial, the cross-examination, and the testimony of counsel (who had participated in the examination of witnesses on the original hearing) was introduced on the motion. There was also the affidavit of plaintiff as answer to the motion for new trial in which the matters that occurred on the trial were set out at length, and all of which was in the breast of the court. The concluding statement in the bill of exceptions is: "That on said date, towit, the 11th day of December, 1942 the motion for a new trial, filed in behalf of the defendant, was argued and submitted to the court and taken under advisement by the court; and thereafter on, towit, December 18th, 1942 the court made and entered an order on the motion for a new trial filed by the defendant to set aside the verdict of the jury and the judgment of the court rendered thereon overruling said motion, to which action of the court the defendant then and there duly and legally reserved an exception. * * *."

As to the main trial the bill of exceptions recites:

"Thereupon the plaintiff rested.

"Thereupon the defendant rested.

"The foregoing was all the testimony and evidence introduced upon the trial of this case. Thereupon the court orally charged the jury, which said charge appears as a part of the record in this cause on appeal, and will appear in the record. * * *."

No such recitation is contained in the bill of exceptions touching the motion for a new trial and which said motion was overruled. Appellee says it affirmatively appears: That on the motion for new trial appellant introduced the reporter's transcript of evidence; that the same is not set out in the bill of exceptions; that it is definitely disclosed the supreme court cannot have all before it that the trial court had when passing on said motion; and hence there was no efficacious motion that extended the time within which the bill of exceptions could be signed, after the original judgment. This is not the rule in our jurisdiction. In re Pate v. State (Ex Parte State), ante, p. 396, 14 So.2d 251.

■ The defendant-appellant's counsel offered to introduce on the motion for new trial the transcript of evidence of the court reporter of testimony and evidence which occurred on the original trial. This was in the breast of the court. The material parts of said transcript of evidence were set out in the bill of exceptions which concluded with the recital, "The foregoing was all the testimony and evidence introduced on the main trial." The fact that there is no such categorical recital in the bill of exceptions does not compel the striking of the same on appellee's motion. The bill of exceptions was presented and signed within the time prescribed by law. This ruling is not contrary to Code 1940, T. 7, § 764.

■ It is established in this and other jurisdictions that in reviewing the trial court's judgment overruling defendant's motion for a new trial *on the ground the verdict is excessive in amount*, and that plaintiff's attorney injected highly prejudicial and poisonous matters on the trial of the case, *the Court is confined to the evidence which was introduced on the trial of the case, and cannot consider any other evidence in support of or against the verdict.* Thomason v. Silvey & Co., 123 Ala. 694, 26 So. 644; Harrison v. Sutter Street Ry. Co., 116 Cal. 156, 47 P. 1019; Doolin v. Omnibus Cable Co., 125 Cal. 141, 57 P. 774; Campbell v. Bradbury, 179 Cal. 364, 176 P. 685; Harris v. Rupel, 14 Ind. 209; 46 C.J. p. 345, § 354.

It was held by this court in Thomason et al., v. Silvey & Co., 123 Ala. 694, 26 So. 644, that: "Upon the hearing of a motion for a new trial, the court is confined to the evidence which had been introduced upon the trial of the cause."

The foregoing and authorities are not to be confused with those touching a motion for a new trial in a proper case involving newly discovered evidence.

Questions on the motion for decision are whether the verdict is excessive and whether prejudicial, extraneous matter reached the jury, which was not excluded on motion.

The alleged improper evidence and prejudicial, extraneous remarks of counsel were excluded from the jury on appellant's motion. This court has recently observed, as to "untoward incidents" occurring on trials, that an intelligent "judge and jury must be expected to deal with them without swerving from the path of duty." Ingalls v. Holleman, ante, p. 188, 12 So.2d 751, 753.

In Sinclair v. Taylor, 233 Ala. 304, 171 So. 728, the cases are collected dealing with the several classes of improper arguments or conduct of counsel calling for rulings on objections thereto, motions to exclude, or errors that were ineradicable on due objection and in motions to exclude and instructions to the jury not to consider the same. See, also, Ellis v. State, ante, p. 79, 11 So.2d 861, 865; Anderson v. State, 209 Ala. 36, 95 So. 171, and cases cited.

■ When the whole record is considered, we find no such conduct on the part of plaintiff's counsel, the effect of which was not cured by rulings of the court. Under the respective rulings of the court invoked thereto, there is no error to reverse.

It is further declared in Brasfield v. Hood, 221 Ala. 240, 128 So. 433, and Woolworth Company v. Erickson, 221 Ala. 5, 127 So. 534, that where the verdict of the jury is so excessive as to evidence the conviction that it was due to passion, prejudice, partiality or mistake, it should be set aside on a due motion of the defendant. Central of Georgia Ry. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Central of Georgia Ry. Co. v. Chambers, 197 Ala. 93, 72 So. 351; Southern Wood Preserving Co. v. McCamey, 218 Ala. 201, 118 So. 393; Davis v. Smitherman, 209 Ala. 244, 96 So. 208; Watts v. Espy, 211 Ala. 502, 101 So. 106; Powell v. Bingham, 29 Ala.App. 248, 255, 196 So. 154; Coca Cola Bottling Co. v. Barksdale, 17 Ala.App. 606, 88 So. 36.

418

In Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, the holding was:

"New trial for excessive or inadequate damages will be granted only where verdict plainly indicates 'bias', 'passion', 'prejudice', or the like.

" 'Bias' means to incline to one side. 'Passion' means moved by feelings or emotions, or may include sympathy as a moving influence without conscious violation of duty. 'Prejudice' includes the forming of an opinion without due knowledge or examination."

In Sturdivant v. Crawford et al., 240 Ala. 383, 199 So. 537, 539, it is declared: "In determining the adequacy of the damages assessed by the jury it is not necessary that the court should inquire and declare what wrongful influence or failure of duty in the consideration of the case has wrought a miscarriage of justice. For reasons of public policy, the deliberations of the jury cannot be invaded to find what motive or influence worked the mischief. The record may or may not shed light on the subject. The internal evidence, the verdict itself, in the light of the facts clearly disclosed by the evidence, usually furnishes the determining data. * * *"

Many decisions in this and other jurisdictions are cited by appellant where the verdicts and judgments were reduced under the statute. There can be no ironbound rule as each case is to be judged by the facts as to what is just in the premises. Alabama Power Co. v. Goodwin, 214 Ala. 15, 106 So. 239; Alabama Power Co. v. Talmadge, 207 Ala. 86, 93 So. 548; City of Birmingham v. Smith, 231 Ala. 95, 163 So. 611; Code 1940, T. 7, § 811.

This court is of opinion that the verdict is excessive and the court erred in overruling this ground of the motion for new trial. Unless the plaintiff within thirty days from date of this decision enters a remittitur under Code 1940, T. 7, § 811, in the sum of $1,500, thus leaving the judgment of $6,000, the judgment will stand reversed and the cause remanded. On due entry of such remittitur, the cause will stand affirmed for the reduced sum of $6,000.

Affirmed conditionally.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.