34 So.2d 830

## BIRMINGHAM ELECTRIC CO. v. HOWARD.

### 6 Div. 583.

Supreme Court of Alabama.

April 15, 1948.

Lange, Simpson, Robinson & Somerville, of Birmingham, for appellant.

Francis H. Hare, of Birmingham, for appellee.

SIMPSON, Justice.

The appeal is from a judgment in the amount of $1750 recovered by appellee in a tort action against appellant for personal injuries received while a passenger on one of appellant's street cars when it collided with a truck in downtown Birmingham.

The questions here are (1) whether the jury was authorized to include in its verdict an assessment for damages for probable permanent injuries and, if so, (2) was the verdict excessive?

The first proposition was raised by defendant in the trial court by special, requested, written charges and the second by motion for a new trial. On a careful consideration of the evidence bearing on these two questions we have deci∵ that both propositions must be resolved against the contention of the appellant. A short recita-

tion of the substance of the proof of the catalogued injuries will serve to illustrate this conclusion.

■ The appellee suffered superficial knee and head injuries and a severely bruised and sprained back. Decision of the two questions revolves principally around the character and permanency of the back injury. Appellee was confined in the hospital for forty-eight hours and was treated by the company doctor for about six weeks. His knee injury bothered him to some extent for about a week or ten days, but his back injury caused him great pain for about six weeks. During the first nine days of this period his body was strapped with adhesive tape and blisters formed under the bandages, which also added to his misery. He also testified that about six months after the doctor dismissed him he suffered limitation of movement and pain on lifting heavy articles and that such occasional spasms in his back, which the doctor testified could be attributable to his original injury on the street car, had occurred several times in the last two and a half years. He was a truck farmer living at Bangor, Alabama, but after his injury sold his farm and came to Birmingham, and his wife testified that the reason for this change in occupation was because he could not do the labor incident to truck farming. From this evidence the jury could have inferred that the condition of the muscle spasms and pain in his back might still subsist and recur to give him further trouble. His actual expenses were $132.21.

To sustain the contention that the damages were excessive, learned counsel for appellant seem to rely on certain of his answers to the interrogatories propounded to him about a year and a half after the accident and some time before the trial, in which he said that he had suffered pain and discomfort from the back injury for a period of from six weeks to two months but that at the time he was answering the interrogatories, so far as he knew, he had recovered. On trial, however, to neutralize or explain these interrogatory answers, he testified that when he made the answers he had no great trouble with his back, but that since then he had on four or five occasions suffered the muscle spasms which he testi-

fied about. The company doctor who testified for appellant stated that he remembered the appellee particularly because he was probably hurt more than the average case he saw, that a strained back was a painful type of injury and that the pain and limitation of movement testified to by the appellant, if in fact it existed (the verity thereof being for the decision of the jury), was probably the result of the accident. The plaintiff's wife, a registered nurse, also testified that he suffered much pain and was in such condition that for a while he had to be assisted in arising from bed, that he could not do farm work resulting in his change in occupation, that he had sores on his body under the adhesive tape, and during the period since his recovery had from time to time, on lifting heavy articles, suffered a recurrence of this same back trouble.

■■ It is quite evident that the jury could have inferred that appellee had suffered a more or less permanently disabling injury, which might recur, and under this state of the evidence special charges 15, 16, 17, and 18, which were in effect affirmative charges with hypothesis that there was no scintilla of such proof, were improper and the trial court correctly refused them. Where, as here, there is evidence from which a reasonable inference may be drawn adverse to the party requesting it, the affirmative charge for him must be refused. Sullivan v. Alabama Power Co., 246 Ala. 262(1), 20 So.2d 224; Orman v. Scharnagel, 210 Ala. 381, 98 So. 123; Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

■ The proposition as to the excessiveness of the damages, raised by the motion for a new trial, is not so easy of solution. Each case must be governed by its own facts and adjudged accordingly. Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873. There is no yardstick by which compensatory damages for pain and mental suffering can be measured and the ascertainment of the amount the plaintiff is due as recompense for these elements of damage must of necessity be left to the sound discretion of the jury, subject only to correction by the court for clear abuse or passionate exercise (15 Am.Jur. § 72, p. 482). When the presiding judge refuses to grant such new trial the favorable presumption

424

attending the verdict of the jury is thereby strengthened (McEntyre v. First Nat. Bank of Headland, 27 Ala.App. 311, 171 So. 913) and on a review of the question here we will not overturn the verdict of the jury or reverse the ruling of the trial court in refusing the new trial unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive and that the excessiveness of the verdict was the result thereof. McEntyre v. First Nat. Bank of Headland, supra; Alabama Gas Co. v. Jones, supra; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; F. W. Woolworth Co., Inc., v. Erickson, 221 Ala. 5, 127 So. 534; Castleberry v. Morgan, 28 Ala.App. 70, 178 So. 823, and cases cited. We do not find in the verdict any such abuse or passionate exercise or other improper motive. On a careful study of all the evidence by the court sitting en banc, we think an affirmance of the judgment to be the just conclusion. It is difficult to appraise the extent of such a back injury, but the jury could have well inferred it to have been of serious enough character to have warranted the amount assessed.

One further observation is pertinent. In passing on the question of the excessiveness of the damages, this court will look to the diminished purchasing power of money, the present inflationary trends, exemplified in the exorbitant rise in the price of nearly all commodities and the enormous increase in the cost of living, and give approval to a larger verdict than under normal conditions. Illinois Central R. R. Co. v. Johnston, 205 Ala. 1, 10 (11), 87 So. 866, 875; Louisville & N. R. Co. v. Williams, 183 Ala. 138, 153, 154, 62 So. 679, Ann.Cas.1915D, 483. Other courts have recognized the same principle. Hurst v. Chicago, B. & Q. R. Co., 280 Mo. 566, 219 S.W. 556, 10 A.L.R. 174.

After mature reflection, we are unwilling to pronounce our judgment, based only on the printed page, to be so superior to that of the jury and the trial judge as to supersede their view of the matter and substitute our own for theirs.

Both propositions urged for error are, in our view, untenable.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.