87 So.2d 619

**B. H. DORROH et ux.**

**v.**

**JEFFERSON COUNTY.**

**6 Div. 759.**

Supreme Court of Alabama.

May 24, 1956.

Wm. H. Ellis, Birmingham, for appellants.

Maurice F. Bishop, Birmingham, for appellee.

LIVINGSTON, Chief Justice.

This cause originated by the application for an order of condemnation filed in the Probate Court of Jefferson County, Alabama, in which Jefferson County sought to acquire the property of the appellants for the purpose of widening the Birmingham-Atlanta highway. The application was granted by the probate court, whereupon commissioners were appointed to assess the damages and compensation to which appellants were entitled. Following the commissioners' report, and the payment of the award into court, an order of condemnation was entered by the probate court. The appellants then filed an appeal to the circuit court from the decree of condemnation of the probate court, under Title 19, § 17, Code of Alabama 1940, and demanded a trial by a jury. A trial was had, which resulted in a verdict in favor of the appellants in the amount of $1,250, and a judgment entered accordingly. Appellants filed a timely motion for a new trial, and after hearing arguments on the motion, the trial judge overruled it, and the property owners appealed.

Appellants' most seriously argued contention on this appeal is that the trial court erred in overruling the motion for new trial on the ground that the verdict of the jury is inadequate. Appellants contend that the verdict is so inadequate as to indicate bias, prejudice, corruption, or other improper motives against them. In support of this contention, appellants submitted as part of the motion for new trial an affidavit by the appellant, B. H. Dorroh, that shortly before the trial in the circuit court, a newspaper article had appeared in the local paper giving an account of a real estate swindle perpetrated by one with the same surname as the appellant, and that it is reasonable to believe that the jury could, and probably did, assume that the swindler and appellant were one and the same person. There was no evidence that any of the jury had read or been influenced by the newspaper article.

■ Where it is not shown that some juror saw or read the newspaper article, a new trial is properly refused on the ground that the verdict was the result of prejudice created by that article. Caldwell v. State, 203 Ala. 412, 84 So. 272.

Appellants' evidence tended to show that appellants' home is situated on the tract of land, a part of which was sought to be condemned; that it is located on a hill above the old highway, and it was shown that the widening of the highway would cause the right of way to be moved considerably closer to appellants' house and would leave the house situated above a cut ranging to as much as 40 feet deep. Appellants' witness testified that the land to be taken contained two good building lots of a value of $4,950. On the other hand, an expert witness for the appellee testified to facts indicating that it would not be feasible to use the land for that purpose. Appellants' expert witness, Andrews, testified that the difference in market value before and after the condemnation and the construction of the road would be about $7,500. The appellant, B. H. Dorroh, testified that the value of the land to be taken was $6,250, and the damages to his driveway would amount to $750. Both of these witnesses testified to possible uses to which the property could be put, and to the fact that appellants were receiving pay for the rental of part of the land upon which a large advertising signboard had been erected.

The expert witness who testified for the appellee set the damages to appellants' property at $1,000, and testified to facts upon which he based that figure. His qualifications as a real estate appraiser were equally as good as those of the appellant, B. H. Dorroh, and appellants' witness, Andrews.

Our authorities governing the review of the rulings of trial courts on rulings on motions for new trial on the ground of inadequacy of the damages are collected in Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447, 449, in which this court said:

"The basic reason for disturbing the verdict of a jury because of excessive or inadequate damages is precisely the same as for disturbing it because not supported by the evidence, or because opposed to the clear and convincing weight of the evidence. In the one case the inquiry is directed to one feature of the verdict; the damages awarded.

"Speaking of the power and duty of the trial court in dealing with a verdict for inadequate damages, this court recently held: 'That the credibility of witnesses is involved, that opinion evidence of value, not conclusive upon the trior of fact, is to be considered, and that there is no yardstick to measure the damages for physical pain and suffering, does not withdraw the case from the supervisory power of the trial court over the verdicts of juries. In all these matters he is in like position with the jury, and clothed with the power and duty to relieve against verdicts, which, allowing all reasonable presumptions in their favor, are still found to be clearly wrong and unjust from any cause, whether by reason of passion and bias, or from mistake, inadvertence, or failure to comprehend and appreciate the issues.' Birmingham News Co. v. Lester, 222 Ala. 503, 504, 133 So. 270.

"We adhere to these views.

"The review of this ruling is governed by Cobb v. Malone & Collins, 92 Ala. 630, 9 So. 738, viz.: The trial court will not be reversed for refusing to disturb the verdict, 'unless, after allowing all reasonable presumptions of its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince the court that it is wrong and unjust.' "

In determining the adequacy of the damages, the verdict itself in connection with the facts as disclosed by the record usually furnishes the determining data. Sturdivant v. Crawford, 240 Ala. 383, 199 So. 537; Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873.

Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 549, 7 A.L.R.2d 773, is particularly applicable to the case now before us. In that case, it was said:

"The remaining assignments charge error in the ruling of the trial court in failing to grant a new trial on the ground of the alleged inadequacy of the damages assessed. The rule governing such a review is well understood. The verdict of the jury and the ruling of the trial court refusing to set it aside on such ground will not be overturned unless it clearly appears that the verdict was the result of inadvertence or intentional or capricious disregard of the evidence, or was infected with bias, passion, or other improper motive, and that the excessiveness of the verdict was the result thereof. In other words, unless the amount is so large or so small as to carry internal evidence of intemperance in the minds of the jury the verdict must stand. Birmingham Electric Co. v. Howard, 250 Ala. 421, 34 So.2d 830; Yarbrough v. Mallory, 225 Ala. 579, 144 So. 447; F. W. Woolworth Co. v. Erickson, 221 Ala. 5, 127 So. 534; Alabama Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873; McEntyre v. First Nat. Bank of Headland, 27 Ala.App. 311, 171 So. 913; Thompson v. Southern Ry. Co., 17 Ala.App. 406, 85 So. 591.

"On this issue the courts approve the principle that when the presiding judge refuses to grant the new trial, the favorable presumption attending the verdict of the jury is thereby strengthened. Birmingham Electric Co. v. Howard, supra.

"Guided by these well settled rules, we do not find any such abuse or passionate exercise or other improper motive inhering in the verdict as to justify overturning the ruling of the trial judge in refusing to set it aside. A careful study of the evidence clearly reveals that the respective contentions of the parties as to the market value of the land was at great variance. The appellant contended that the property

was suitable as a residential subdivision and, therefore, of great value. The appellee, on the other hand, contended that by reason of its rugged topography it was altogether unadaptable for such use because of the large expense necessary to developing it and that, therefore, it was of not much value. Reputable expert witnesses of large experience testified in support of each of these contentions and the jury was well warranted in accepting that of appellee, as was the trial court in refusing to grant the motion for a new trial on the asserted ground. Under such circumstances we are unwilling to pronounce our judgment, based only on the printed page, to be so superior to that of the jury and the trial judge as to supersede their view of the matter and subsitute our own for theirs."

■ In the case before us, as in Thornton v. City of Birmingham, supra, there is a great variance between the contentions of the parties as to the damages sustained as a result of the condemnation, and there are experts testifying for both sides who are equally worthy of belief. The amount of damages assessed by the jury is considerably below the amount claimed by the appellants, and it is somewhat higher than the lowest figure set by the witness for the appellee. Under these conditions, it is impossible to say that the verdict is not supported by the evidence, or that it is contrary to the preponderance of the evidence. The action of the trial court in denying the motion for a new trial on the ground of the inadequacy of the damages must be upheld under our decisions.

■ The trial court properly sustained an objection to a question propounded by appellants' counsel which called for appellant, B. H. Dorroh, to give his opinion as to the amount of damages his property would sustain by the proposed road construction. Under our decisions, a witness cannot give his opinion as to the amount of damage. The witness must testify to facts upon which the jury can base a determination of the amount of the damages. Atlanta

& Birmingham Air Line Ry. Co. v. Brown, 158 Ala. 607, 48 So. 73; Bragan v. Birmingham Ry., Light & Power Co., 163 Ala. 93, 51 So. 30; Alabama Power Co. v. Thompson, 250 Ala. 7, 32 So.2d 795, 9 A.L.R.2d 974.

The statement made by the appellant, B. H. Dorroh, while testifying, that, "They [noises and fumes from the highway] get to me, but not as bad as I expect them to later," was properly excluded on motion of appellee's counsel as being not responsive to the question asked him. Stowers Furniture Co. v. Brake, 158 Ala. 639, 48 So. 89; Atlanta & St. Andrews Bay Ry. Co. v. Fowler, 192 Ala. 373, 68 So. 283; Louisville & N. R. Co. v. Manning, 255 Ala. 43, 50 So. 2d 153.

Appellants contend that the trial court erred in refusing to admit into evidence a building permit offered by appellants. The record reveals that the following action took place at the time the alleged error was committed:

"Q. At or about the time referred to in this lease of October, 1949, did you get a permit from the Jefferson County Zoning Commission to build a filling station on that part north of the highway? A. Yes, sir.

"Mr. Bradford: We object to that, because the permit, if one was rendered, certain ran out of date many years ago.

"The Court: What is this date?

"Mr. Ellis: May 13, 1949.

"The Court: I will sustain the objection.

"Mr. Ellis: We except, and we offer to prove he did have one, and we offer this in evidence as Defendant's Exhibit 2 for Identification.

"(Whereupon said document was received and marked 'Defendant's Exhibit 2 for Identification Only,' and the court reporter hereby certifies the reproduction of such document is difficult or impracticable, which fact is hereby certified to the Clerk of the Court.)

"Mr. Ellis: I believe that's all."

 The record reveals that there was no ruling by the trial court on the admissibility of the building permit. The objection on which the court ruled appears to be a tardy objection to the question asked the witness and not one to the introduction of the building permit. It is elementary that in absence of an adverse ruling to the party complaining, there is nothing for this court to review.

Appellants' assignment of error number 6 complains of the trial court's action in sustaining appellee's objection to a question asked the expert witness who testified in favor of the appellee. That question was so patently improper as to require no discussion here. It is sufficient to say that the trial court did not err in his ruling.

Having carefully considered each assignment of error which is argued and having found no error, we conclude that the judgment of the trial court is due to be affirmed.

Affirmed.

LAWSON, STAKELY and MERRILL, JJ., concur.