**52**

221 So.2d 687

**KAISER JEEP CORPORATION and Kaiser Jeep Sales Corporation**

v.

**CITMOCO SERVICE, INC.**

**1 Div. 444, 444A.**

Supreme Court of Alabama.

Oct. 3, 1968.

Rehearing Denied May 1, 1969.

See also, 283 Ala. 165, 214 So.2d 908.

———◆———

Johnstone, Adams, May, Howard & Hill, Mobile, for appellants.

Cunningham, Bounds & Byrd, Mobile, for appellee.

PER CURIAM.

Appellants seek a review of the judgment of the circuit court of Mobile County in favor of appellee. The judgment awards damages for breach of a manufacturer's written warranty with respect to the mechanical condition of a motor vehicle (jeep wagon) manufactured by Kaiser Jeep Corporation and sold by a related corporation, Kaiser Jeep Sales Corporation, to Carr-White Truck Company, Inc., a dealer, (also a defendant), which in turn sold the vehicle to plaintiff.

The transcript does not show that there was any verdict or judgment for or against the defendant, Carr-White Truck Company, Inc., the dealer, but only a verdict assessing damages against appellants, and a judgment in favor of appellee that was responsive to the verdict. The verdict was received and read in open court in the presence of counsel for the parties.

Neither party invoked any ruling of the trial court as to a judicial reception of the verdict, nor objected to it. The record before us fails to show that either party protested or opposed an entry of judgment in response to the verdict.

No motion was subsequently made by appellants to vacate the verdict and judgment, nor in any way did they challenge the same. The trial court was not given an opportunity by appellants to pass upon the validity vel non of the judgment or to entertain any appropriate challenge of the jury's verdict prior to this appeal.

■ Appellants argue assignment of error No. 4. This assignment asserts that the trial court erred, after receiving the verdict, in entering judgment for the plaintiff against appellants—the two "Jeep" corporations. Assignments of error not argued in appellant's brief are waived. Hall v. Esslinger, 235 Ala. 451, 179 So. 639(18); Hillard v. City of Mobile, 253 Ala. 676, 47 So.2d 162(4). There being no argument in appellants' brief that is addressed to any of the assignments, except assignment of error No. 4, we deem all of the assignments, except assignment of error No. 4, were waived.

■ We cannot consider assignment of error No. 4 because it fails to refer to any ruling of the trial court; hence, it presents nothing for this court to review. United

Insurance Company of America v. Pounders, 279 Ala. 410, 186 So.2d 125(8); Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So.2d 290(2); Andrews v. May, 277 Ala. 248, 168 So.2d 619(5).

In view of this affirmance, we pretermit considering appellee's cross-assignments of error. Such pretermission is suggested in appellee's brief.

We hold that the judgment of the trial court is due to be affirmed. It is so ordered.

The foregoing opinion was prepared by B. W. SIMMONS, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and KOHN, JJ., concur.