252 So.2d 428

**JASPER COCA–COLA BOTTLING COMPANY**

v.

**Laura ROBERTS.**

**6 Div. 105.**

Court of Civil Appeals of Alabama.

Aug. 25, 1971.

Tweedy, Jackson & Beech, Jasper, for appellant.

No brief from appellee.

WRIGHT, Judge.

On July 26, 1963, Laura Roberts, appellee here, plaintiff below, purchased a bottled Coca-Cola at a grocery store in

Oakman, Alabama. She opened the bottle by using the opener provided for that purpose on the side of the cooling container. After taking a swallow from the bottle and finding it tasted soapy she looked in the bottle and saw that it contained cigarette stubs, tobacco and match sticks. Shortly thereafter she became violently nauseated. She left the store without buying all of her groceries, and upon reaching the street vomited heavily into a garbage can. In the act of vomiting she lost her dentures in the can and urinated on her clothes. She was carried to a nearby doctor's office for treatment. She remained ill for several days and received shots from the doctor. The evidence was undisputed that the bottle of Coca-Cola from which appellee drank was bottled and distributed to the retail grocery store by appellant, Jasper Coca-Cola Bottling Company, a partnership.

Suit was filed in an inferior court and after judgment in favor of appellee the case was appealed to the Circuit Court of Walker County and trial was held de novo. Upon trial, verdict and judgment was in favor of appellee in the amount of $400.00. This appeal followed.

Appellant has presented 7 assignments of error. Assignment 1 charges error in the court's refusal to give the following written charge at the request of appellant:

"Charge No. 7

The court charges the jury that if under the evidence and issues of this case, the defendant upon the occasion complained of used that degree of diligence and care that any ordinary, diligent, careful person engaged in a similar business would use under similar circumstance, then the court charges the jury that the defendant was not guilty of negligence in this case and you should return a verdict for the defendant, and this would be true regardless of whether or not there may have been foreign sub-

stance in the bottle out of which the plaintiff drank.

REFUSED

s/ Alton M. Blanton
Judge"

This charge is bad in form. It is at best confusing. It fails to inform the jury as to what evidence and issues it refers to and fails to provide for the mode of determining whether defendant used that degree of diligence and care that any ordinary, diligent, careful persons in a similar business would use under similar circumstances. In addition, the principle attempted to be expressed by charge 7 was fully and excellently covered in the court's oral charge. The refusal to give a written requested charge which had been substantially given in the court's oral charge is not error on appeal. Title 7, Section 273, Code of Alabama 1940. Southern Ry. v. Reeder, 281 Ala. 458, 204 So.2d 808.

Assignment of error 2 is addressed to the refusal of appellant's written charge 13. That charge was as follows:

"Charge 13

The court charges the jury that if, after considering all the evidence in this case, you are reasonably satisfied therefrom that the foreign substance was not in said Coca Cola drink when it left the defendant place, then you should return a verdict for the defendant.

REFUSED

s/ Alton M. Blanton
Judge"

The complaint charges that defendant was engaged in the manufacture, preparation, bottling and distribution of Coca-Cola to retail merchants for resale to consumers. The evidence was that the bottle involved was in the sole custody and control of appellant from the plant to the retailer. The fact, if it be shown by the evidence to be a fact, that the foreign substance was not.

in the bottle at the time it left the defendant's plant, does not exclude liability. It was stated in the case of Dr. Pepper Co. v. Brittain, 234 Ala. 548, 176 So. 286:

"The process of bottling is not the limit of defendant's duty of due care. The bottles ordinarily remained in storage by defendant from one to ten days, and then were sent out on defendant's truck to be sold and delivered."

Since appellant's duty of due care remained so long as the bottle remained within its exclusive custody and control, its responsibility could not end when the drink left the plant. Charge 13 was properly refused.

■■■ Asignment of error 3 charges error in failing to grant appellant's motion for new trial. The ground of the motion apparently referred to is ground 11. It appears as follows:

"For that the court failed to charge with regard to the burden of proof."

Such ground for a motion for new trial is insufficient. We find no exception taken to the court's oral charge by appellant. The failure of the trial court to cover certain matters in its oral charge is not available as error on appeal. The obvious remedy for deficiencies in the court's oral charge is to supply such deficiencies by written requested charges. Bush v. Stanton, 273 Ala. 615, 143 So.2d 621.

We further observe that the charge does not have foundation in fact. The court fully and ably in its oral charge correctly informed the jury as to burden of proof in the case.

■■■ Assignment of error 4 relates to overruling objection of appellant to testimony of plaintiff concerning events which she observed at appellant's bottling plant when she visited there two or three days after she drank from the bottle of Coca-Cola involved in the suit. The testimony given was that she observed two women employees seated in chairs as bottles passed in front of them. She stated that one of the women was reading a magazine or book as the bottles passed by her. This testimony was given in plaintiff's case in chief.

Assignment 4 includes five rulings of the court and covers two pages of the transcript. At the beginning of the line of questioning complained of, counsel informed the court that the evidence sought would be "tied up later." After allowing several questions and answers over objection of appellant, the court sustained further objection and excluded it all from the jury's consideration. The court stated to the jury that such evidence might be admissible later depending upon the evidence of defendant, but at the present stage of the trial it was being excluded. There was no objection by appellant to the court's remark.

The evidence attempted to be placed before the jury and objected to by appellant was obviously anticipatory of evidence by appellant as to the method of operation of its plant and bottling process. It was not admissible as a part of plaintiff's case in chief. As the evidence developed, the trial judge recognized the fact of its anticipatory nature and properly excluded it upon motion of appellant. Later, developments in the trial produced the evidence by appellant as anticipated. We think the evidence struck would have then been admissible at that time. We are of the opinion that the court's exclusion of the evidence sufficiently cured any error in the overruling of the prior objections of appellant's. Elrod v. Trussell, 266 Ala. 383, 96 So.2d 813. In view of the state of evidence offered by appellant later in the trial as to the method of operation of its plant, there clearly can be no injury shown.

■■■ Assignment of error 5 relates to admission, over objection of appellant, of evidence as to statements made by plaintiff to her sister concerning what had happened to her and how she felt. This conversation took place immediately after plaintiff drank the Coca-Cola and became sick. Appel-

lant's contention is that such evidence was contrary to the rule as to hearsay.

We think the evidence complained of falls within the well-known exception to the hearsay rule, commonly known as "res gestae" or "spontaneous exclamations." The case cited by appellant, Birmingham Railway Light & Power Co. v. Cockrum, 179 Ala. 372, 60 So. 304, is not in point. The excellent statement on the subject of "res gestae" in the case of Harrison v. Baker, 260 Ala. 488, 71 So.2d 284, is applicable and controlling here. Judge J. Russell McElroy in his work on the Law of Evidence in Alabama, Vol. 2, 2d Ed. Sec. 265.01(2), discusses the soundness of Harrison v. Baker, supra, in that it provides that whether or not a statement is within the realm of the "res gestae" or "spontaneous declaration" is for the reasonable exercise of the trial court's discretion. 32A C.J.S. Evidence § 418, p. 48. 29 Am. Jur.2d Evidence, Sec. 715, p. 776.

Our examination of the evidence objected to in this assignment of error indicates that the statement made by plaintiff and related by the witness, though in answer to a question, was made instinctively and spontaneously while plaintiff's senses were dominated by the events out of which this action arose. The declaration involved were the facts talking through the party, not the party talking about the facts. 29 Am.Jur.2d, supra.

■ Assignment of error 6 charges error in the admission into evidence of testimony of a witness for plaintiff, plaintiff's sister, as to a statement made by plaintiff's doctor to her during his first treatment. The statement was that the doctor "told her the Coca-Cola had upset her stomach." This testimony was allowed to remain in evidence after a motion to exclude. Appellant argues that such evidence was hearsay. We agree. The statement of a physician to his patient during the course of examination and treatment is not admissible for the purpose of proving the truth of the statement in a suit against a third party. Taylor v. Atlantic Coast Line RR, 232 Ala. 378, 168 So. 181; Mallory v. Mallory, 272 Ala. 464, 131 So.2d 703.

Though failure to exclude such testimony was error, we do not think it sufficiently prejudicial as to require a reversal. The statement of the doctor was only supportive of testimony of the plaintiff. Nowhere in the evidence do we find any dispute of the fact that plaintiff was made very sick after drinking from the Coca-Cola, or that the Coca-Cola was in truth the source of such sickness. Blackwell v. Sewall, 280 Ala. 359, 194 So.2d 519; Supreme Court Rule 45; Rosen v. Lawson, 281 Ala. 351, 202 So.2d 716.

Assignment of error 7 relates to refusal of a motion to exclude the plaintiff's evidence at the conclusion of her case in chief.

■ Refusal of a motion to exclude the evidence is not ground for reversal on appeal. Nix v. Hassell, 284 Ala. 175, 223 So.2d 580.

Prejudicial error not having been shown, the judgment below is affirmed.

Affirmed.