265 So.2d 609

Garnet DERAMUS, Individually and as Executrix of the Estate of Harvey Deramus, et al.

v.

ALABAMA POWER COMPANY.

6 Div. 144.

Court of Civil Appeals of Alabama.

Aug. 16, 1972.

Donald L. Collins, Birmingham, for appellants.

Balch, Bingham, Baker, Hawthorne & Williams, and Edward S. Allen, Birmingham, for appellee.

**WRIGHT, Presiding Judge.**

Condemnation proceedings were begun in the Probate Court of Jefferson County, Alabama by appellee here, Alabama Power Company, against the property of appellants. The purpose of the proceedings was to secure the right to cut danger trees from appellants' property and to locate three "guy" wires in specific positions on the property. Alabama Power Company already possessed a 60 foot right of way immediately adjacent to two parcels of appellants' property upon which electric transmission lines were located or to be located.

It was using the existing right of way of a dedicated public street adjacent to a third parcel. In other words, there was no taking of the property but only easements to cut trees dangerous to the lines and to locate three "guy" wires.

An award was made to appellants of $7000.00 in probate court. Appellants appealed to circuit court. Upon trial by jury in circuit court, verdict and judgment were rendered in favor of appellants in the sum of $5000.00. After denial of motion for new trial, this appeal was taken.

By agreement below, the three parcels were considered together and damages were awarded in one sum jointly to all the owners.

This case was argued orally and submitted to this Court on May 22, 1972.

Prior to considering the assignments of error, we think it proper for benefit of the Bar to recognize and discuss a "Motion to Determine Jurisdiction" filed by appellee. Such a motion arose out of an uncertainty as to the proper court for consideration of this appeal. There is no controversy between counsel as to this matter, each desiring only that the matter be considered and decided.

The appeal in this case was originally filed in the Supreme Court of Alabama. That court directed transfer to the Court of Civil Appeals because the judgment was for $5000.00 and thus within the jurisdictional amount established for this court. Title 13, Section 111(11), Code of Alabama 1940, as amended 1969.

The appellate jurisdiction of the Court of Civil Appeals was established by the legislature in 1969 by Act 987, now appearing as Title 13, Section 111(3), Code of Alabama, Recomp. 1958. In pertinent part it appears as follows:

"The court of civil appeals shall have exclusive appellate jurisdiction of all suits at law where the amount involved, exclusive of interest and costs does not exceed ten thousand dollars, . . ."

■ Though this case arose originally in probate court, it came on by appeal to a trial de novo in circuit court. Title 19, Section 17, Code of Alabama 1940. We therefore consider it as a suit at law

within the meaning of the statute establishing the jurisdiction of the Court of Civil Appeals. We further consider the passage of the statute establishing appellate jurisdiction of the Court of Civil Appeals supersedes Title 19, Section 23, Code of Alabama 1940, insofar as it concerns appeals from judgments in an amount of $10,000 or less, exclusive of interest and costs. We would note here that Title 13, Section 86, Code of Alabama 1940, which established the civil jurisdiction of the former court of appeals in suits at law, specifically excepted jurisdiction of appeals as to "actions involving the title to or possession of lands." There is no such exception in the statute setting the appellate jurisdiction of this court.

Based upon our view of Title 13, Section 111(11) Code of Alabama Recomp. 1958, as herein expressed, and since the Supreme Court of Alabama by order of April 3, 1972, in response to Motion to Determine Jurisdiction, transferred this case to this court, it is our conclusion that the Court of Civil Appeals has appellate jurisdiction.

Appellants' first assignment of error is directed to a portion of the trial court's oral charge. However, as we follow argument in brief, the contention is not that the content of the oral charge was legally erroneous, but that the court erred by not including in its charge a particular matter of damages. The error argued is that the court failed to charge the jury that they could consider as an element of damage any injury to the abutting property by reason of the placement of the transmission lines on appellee's own right of way if they found the presence of such lines diminished the value of such abuttting or adjacent land.

Assignments of error 3, 4, 5, and 6 similarly charged error in the failure of the court to include such element of damage in the oral charge. The same argument as to assignment of error 1 is offered as assignments 3, 4, 5 and 6.

■ We would first respond to appellants' argument by pointing out that a trial court may not be reversed for failure to fully charge as to all issues and elements of damage sought by the parties. Scroggins v. Ala. Gas Corp., 275 Ala. 650, 158 So.2d 90. In the event of such failure or omission, the aggrieved party is at liberty to request appropriate written charges. Moore v. Cooke, 264 Ala. 97, 84 So.2d 748; Sovereign Camp, W. O. W. v. Screws, 218 Ala. 599, 119 So. 644.

The portions of the court's oral charge as set out in assignment of error 1 are as follows:

> ". . . It is my responsibility to interpret the law and these are the rights which the Power Company is acquiring. They are acquiring the right to install guy wires.

> • • • • • •

> Next, they are acquiring the right to cut down and remove any trees which constitute a danger to the power line which is now on this property or which might hereafter be erected on the property; that applies to trees which are now there, or to trees which might grow on the property in the future.

> • • • • • •

> Now, those are the rights that the Power Company is acquiring. Those are the rights for which the property owners are entitled to be paid."

■ Though taken somewhat out of context by appellant, we find no erroneous statement of law in these portions of the charge. The court had previously during the trial stated substantially the same thing, to which statement appellants have made no charge of error. Assuming arguendo, that the statement is incomplete as to all law which might have been given, such incompleteness was subject to have been supplied by requested charge. Jasper Coca-Cola Bottling Co. v. Roberts, 47 Ala.App. 219, 252 So.2d 428.

We would add that the charge objected to was immediately supplemented by the following:

"Now, how do you arrive at what would be fair and just compensation for those rights? The law sets a standard for you to use in arriving at the amount of the damages in cases such as this . . You would determine the fair and reasonable market value of those parcels or lots affected by the acquisition of these rights before the date of taking and then you would determine the reasonable and fair market value of those same parcels or lots with the installations erected and after the rights had been acquired; giving weight to any diminution in value due to the acquisition of the rights; and then the difference in those two figures would be the amount of damages."

■ This portion of the charge when considered in connection with that excepted to by appellants clearly defines the issues and states the measurement of damages correctly. Pappas v. Ala. Power Co., 270 Ala. 472, 119 So.2d 899; State v. Dempsey, 286 Ala. 397, 240 So.2d 361.

Though we find no error in those portions of the court's oral charge to the jury as charged by appellants' assignments of error 1 and 2, and we further hold that assignments 3, 4, 5 and 6 are not proper assignments for that they merely allege error for failure to include matters in the oral charge, we will discuss briefly the issue really forming the basis of appellants' appeal in this case. That issue is—are the appellants entitled to damages for the fact that a high powered transmission line is located adjacent to their property on the right of way of Alabama Power Company? Does its mere continuing presence constitute a recoverable element of damage? Appellants contend the decision in the case of McEachin v. City of Tuscaloosa, 164 Ala. 263, 51 So. 153, provides authority for an affirmative answer on this issue.

■ We concede that upon its face, McEachin would appear to give some support for appellants' contention. Appellants might equally as well have bottomed their contention upon the case of City Council of Montgomery v. Maddox, 89 Ala. 181, 7 So. 433. That is the decision which gave birth to *McEachin,* supra, as well as to Town of Avondale v. McFarland, 101 Ala. 381, 13 So. 504. However, as pointed out in the clear and complete discussion in Ala. Power Co. v. City of Guntersville, 235 Ala. 136, 177 So. 332, neither McEachin, supra, nor Maddox, supra, depart from the general rule applicable to the facts of the instant case. Such general rule is that an entity invested with the right of eminent domain under Section 235 of the Constitution of Alabama is required to pay just compensation in the absence of a "taking" when by the construction or enlargement of its works, highways or improvement, there will be occasioned some direct physical disturbance of a right, either public or private, which the owner enjoys in connection with his property, and which gives it additional value, and that by reason of such disturbance he has sustained some special damage with respect to his property in excess of that sustained by the general public. Ala. Power Co. v. City of Guntersville, supra; Pappas v. Ala. Power Co., supra.

It was established in the case of Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833, that depreciation in value of land remaining after the taking of a right of way for construction of high powered electric transmission due to a general fear of their presence of such lines is not compensable. *Pappas,* supra, confirms this rule.

■ Therefore since the continuing presence of the transmission lines of appellee does not constitute a direct physical disturbance of any right enjoyed by appellants in connection with their property which gives it any additional value, any depreciation in the value of such property because of a public or personal fear or apprehen-

sion of the presence of such lines is not compensable. Ala. Power Co. v. City of Guntersville, supra; *Keystone Lime Co.,* supra; *Pappas,* supra.

Appellants' assignment of error 7 is as follows: "The trial court erred in its judgment entry dated April 23, 1971 in that the verdict of the jury was against the great weight of the evidence." The remaining assignments of error recite similar error except assignment 11.

 Such assignments of error are insufficient to present anything for review as they involve no ruling of the trial court. Roan v. Smith, 272 Ala. 538, 133 So.2d 224; Kaiser Jeep Corp. v. Citmoco Service, Inc., 284 Ala. 52, 221 So.2d 687. The only means of charging error to the court as to the insufficiency of the evidence to support the verdict of the jury is by filing a motion for a new trial, with such grounds properly stated therein. Thompson v. State, 267 Ala. 22, 99 So.2d 198; Standard Oil Co. v. Johnson, 276 Ala. 578, 165 So.2d 361; State v. Young, 281 Ala. 349, 202 So.2d 714.

 If the ruling on the motion for new trial is assigned as error, grounds adequately stated in the motion, and argued in brief will be considered on appeal. Hall Motor Co. v. Furman, 285 Ala. 499, 234 So.2d 37; Parker v. Muse, 47 Ala.App. 84, 250 So.2d 688.

 Though assignments 7, 8, 9 and 10 are not for consideration, appellants have assigned as error the overruling of the motion for new trial, which is sufficient to present for review the sufficiency of the evidence to support the verdict if such was well stated as a ground in the motion. Hall Motor Co. v. Furman, supra.

We pretermit consideration of the question of whether the grounds of insufficiency and lack of preponderance of the evidence are sufficiently stated in the motion, for we are of the opinion that such grounds, though well stated, do not warrant reversal.

The argument of appellants as to the insufficiency of the evidence is directed solely to the inadequacy of damages awarded.

 We have carefully studied the evidence as to the damages suffered by appellants, and find it to be in conflict. Verdicts are presumed to be correct and no ground for new trial will be more carefully scrutinized or more rigidly limited than that the verdict is contrary to the weight of the evidence. Ala. Great Sou. R. Co. v. Evans, 288 Ala. 25, 256 So.2d 861 (1972). There is no basis for granting a new trial for excessive or inadequate damages unless the verdict plainly indicates bias, passion or prejudice. King v. Sturgis, 45 Ala.App. 553, 233 So.2d 495; Ala. Gas Co. v. Jones, 244 Ala. 413, 13 So.2d 873.

 The refusal of the trial court to grant the motion for new trial on the ground of inadequacy of damages is largely discretionary and brings to the reviewing court a strong presumption of correctness. Our review of the evidence does not indicate an abuse of such discretion. Shepherd v. Sou. Ry. Co., 288 Ala. 50, 256 So.2d 883.

 The fact that there was a wide variation between the amount of damages contended by the parties and stated by the witnesses, and that there was no testimony as to the specific amount of damages as determined by the jury, does not require a conclusion or finding that the verdict is contrary to the evidence or that it resulted from bias, prejudice or other improper motive. *Pappas,* supra; Thornton v. City of Birmingham, 250 Ala. 651, 35 So.2d 545, 7 A.L.R.2d 773; Dorroh v. Jefferson County, 264 Ala. 335, 87 So.2d 619.

Finding no error, the judgment of the trial court is affirmed.

Affirmed.

HOLMES, J., concurs.

BRADLEY, J., not sitting.