JONES, Justice.
Each of these consolidated cases involves a condemnation proceeding against a private landowner brought by Alabama Electric Cooperative, Inc. (“AEC”). The sole issue in each case is whether the trial court, as the factfinder, erred in fixing damages at the amount testified to by the landowners’ expert witness. Because the record discloses competent evidence of “before and after” value to support the award of damages, we affirm each of the judgments.
Through these condemnation actions, AEC secured a transmission line easement across each landowner’s property. AEC contends that the trial court erroneously considered evidence of the landowners’ expert witness relating to the decreased value of that portion of each affected parcel of land that was not included within the condemned portion. Essentially, AEC insists that, unless the evidence shows “some resultant physical interference with the remaining property ... which is different from that suffered by the public in general,” the landowner is restricted to a recovery of an amount representing the loss in value of that portion of the land that was made subject to the easement.
The right of certain corporations to take private property for public use is granted by Ala. Const. 1901, §§ 23 and 235; Section 235 requires that those corporations “make just compensation ... for the property taken, injured, or destroyed.” The longstanding general rule of compensation in such cases, where only part of a tract of land is taken, is the difference between the pre-taking fair market value of the entire tract and the post-taking value of the land remaining — the amount awarded by this rule is sometimes referred to as “severance damages.” In the case of an easement, of course, the formula is the same, except that it uses the fair market values of the entire tract immediately before and immediately after the taking. State v. Moore, 382 So.2d 543 (Ala.1980).
This standard of proof was commented upon in Alabama Power Co. v. Henson, 237 Ala. 561, 187 So. 718 (1939):
“The well known measure of damages in such cases is .the difference in market value of the tract or body of lands before and after the taking.
“This may be proven by evidence of the value before taking and the value thereafter.... The decreased value, if any, of the remaining lands in the tract *736 may be gone into by any line of evidence tending to establish such fact and the extent of it.”
237 Ala. at 565, 187 So. at 720-21.
The measure of proof in a case involving a transmission line easement, however, is subject to the general rule of damages that excludes proof of loss based upon mere speculation. This limitation was recognized and applied in Alabama Power Co. v. Keystone Lime Co., 191 Ala. 58, 67 So. 833 (1914) (holding that evidence of the landowner’s “fear” of the transmission line was merely speculative and thus inadmissible on the question of the decreased value of the remaining parcel). See, also, Pappas v. Alabama Power Co., 270 Ala. 472, 119 So.2d 899 (1960); and Deramus v. Alabama Power Co., 48 Ala.App. 430, 265 So.2d 609 (1972).
AEC urges this Court to expand the “mere speculation” rule of Keystone Lime Co. to restrict the landowner’s right of recovery to the decreased value of the land covered by the easement, to the exclusion of any damages based on the decreased value of the remaining land not covered by the easement. We decline so to do, for such a modification would materially change the established rule of damages relating to eminent domain cases. Although this Court is receptive to change where compelling reasons are advanced for making a change, we find no rational basis for changing the rule here challenged.
89-1155 — AFFIRMED.
89-1156 — AFFIRMED.
89-1157 — AFFIRMED.
HORNSBY, C.J., and SHORES, HOUSTON and KENNEDY, JJ., concur.